**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**September 19, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MELVIN SMITH, JR., a/k/a Malik Rahman,

　　Plaintiff - Appellant,

v.

RESTAURANT DEPOT,

　　Defendant - Appellee.

No. 24-3056
(D.C. No. 2:23-CV-02573-JWB-ADM)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Melvin Smith, a Kansas resident proceeding pro se, appeals the district court's order dismissing his employment-discrimination complaint for lack of personal jurisdiction over defendant Restaurant Depot—a Delaware company with its principal place of business in New York that employed Smith in Kansas City, Missouri. Because Smith fails to challenge the district court's personal-jurisdiction ruling and because that ruling is legally correct, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Smith filed his complaint in the District of Kansas, alleging various forms of employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17. Restaurant Depot moved to dismiss, contending that the district court lacked personal jurisdiction over it because (1) it is a Delaware limited liability company and a wholly owned subsidiary of a Delaware corporation with its principal place of business in New York and (2) it employed Smith in Kansas City, Missouri, and has no contacts with Kansas. It also attached an affidavit supporting these factual assertions. The district court granted Restaurant Depot's motion over Smith's objections.

Smith now appeals, but nowhere in his appellate filings does he address the district court's personal-jurisdiction ruling. And although we liberally construe Smith's pro se filings, we will not act as his advocate. *See Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023). We therefore agree with Restaurant Depot that by failing to address the basis for the district court's ruling, Smith has waived any challenge to it.[1] *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) (explaining that "[a]rguments not clearly made in a party's opening brief are deemed waived" and noting that we have "not hesitated" to apply this rule to pro se litigants). We could affirm on this basis alone.

---

[1] The sole argument Smith does advance is unavailing. He appears to contend that the parties consented below to proceed before a magistrate judge, so error occurred when the district court dismissed his case. Yet as Restaurant Depot responds—and as the district-court docket reflects—the parties did *not* consent to proceed before a magistrate judge.

But we also agree with the district court's ruling on personal jurisdiction, an issue we consider de novo. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). In so doing, we may "look beyond the complaint" and consider the affidavit Restaurant Depot attached to its motion, like the district court did here. *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005); *see also XMission, L.C. v. PureHealth Rsch.*, 105 F.4th 1300, 1307 (10th Cir. 2024) (explaining that court can consider evidence outside complaint when deciding motion to dismiss that factually challenges personal jurisdiction). That said, "[w]hen, as in this case, a district court grants a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (quoting *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)). And in assessing that prima facie showing, we take as true all plausible, nonconclusory facts alleged in Smith's complaint," *XMission*, 105 F.4th at 1307, and we resolve any factual disputes in his favor, *Old Republic*, 877 F.3d at 903.

In a federal-question case like this one, personal jurisdiction over a defendant turns on two questions: "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with [constitutional] due process." *Klein v. Cornelius*, 786 F.3d 1310, 1317 (10th Cir. 2015) (quoting *Peay v. BellSouth Med.*

3

*Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). The applicable statute here, Title VII, does not include any provisions for service of process, so Federal Rule of Civil Procedure 4(k)(1)(A) directs the court "to apply the law of the state in which the district court sits"—here, Kansas. *Dudnikov*, 514 F.3d at 1070. And "[b]ecause the Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, we proceed directly to the constitutional issue." *TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007) (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998)).

Under the Due Process Clause, a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum [s]tate." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In practice, this analysis takes the form of either general or specific jurisdiction. *See Old Republic*, 877 F.3d at 903. General jurisdiction requires a foreign corporation like Restaurant Depot to have "continuous and systematic" contacts with the forum state. *Id.* at 904 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)). These clearly do not exist here: as the district court put it, Smith failed "to dispute any facts . . . set forth in [Restaurant Depot's] affidavit," and the affidavit establishes that Restaurant Depot "does not own property in Kansas, does not maintain locations in Kansas, does not conduct business in Kansas, and does not have a registered agent in Kansas." R. 84–85. Specific

4

jurisdiction is a slightly less stringent standard, but it nevertheless requires "that the defendant has minimum contacts with the forum state," meaning that the defendant "'purposefully directed its activities at residents of the forum state.'" *Old Republic*, 877 F.3d at 904 (quoting *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)). And Smith's submission of a paystub reflecting Restaurant Depot's New York address and Smith's Kansas address does not meet this standard: hiring a Kansas resident to work at its Missouri location is not purposeful direction. The district court thus correctly determined that it lacked personal jurisdiction over Restaurant Depot.

Because Smith waived any challenge to the district court's personal-jurisdiction ruling and because that ruling is correct, we affirm.[2]

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[2] We therefore need not reach Restaurant Depot's alternative argument that Smith fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).